IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DANIEL HANCOCK, | ) <br> ) |
| *Plaintiff,* | ) <br> ) |
| v. | ) <br> ) No. 4:25-cv-01831-JMD |
| MIKE KEHOE, et al., | ) <br> ) |
| *Defendants.* | ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

*Pro se* inmate Daniel Hancock sued the Governor of Missouri, the Director of the Department of Corrections, a prison warden, a shift commander, and a sergeant under 42 U.S.C. § 1983 over prison conditions. He also filed a motion to proceed *in forma pauperis*. But he admits he has not exhausted his administrative remedies under the Prison Litigation Reform Act. That is fatal. His complaint is therefore dismissed without prejudice, and his motion is denied as moot.

Prisoners must exhaust internal grievance procedures before suing about prison conditions. Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). This means exhausting the internal grievance procedures created by the prison because "it is the prison's requirements, and not the [Act], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

1

Although exhaustion is an affirmative defense, "a court may dismiss a complaint for failure to exhaust administrative remedies if it is plain on the face of the complaint that a grievance procedure has not been exhausted." *Davis v. Torshein*, No. 1:22-cv-00080-SEP, 2022 WL 4299780, at *2 (E.D. Mo. Sept. 19, 2022) (citing *Jones v. Bock*, 549 U.S. 199, 215–16 (2007)). "A court may sua sponte dismiss a complaint" for this reason. *Custis v. Davis,* 851 F.3d 358, 361 (4th Cir. 2017); *see also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("Under *Jones*, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.").

Hancock admits that he has not exhausted the Missouri Department of Corrections' grievance procedures. He writes that at the time of filing this complaint, his grievance is in the appeal stage. ECF 1 at 7. He sues anyway—even though he admits the internal grievance process "is not complet[e]"—simply because he "would like to get this lawsuit[] into action." *Id*. But Hancock must wait until the grievance process concludes before filing in federal court. Exhaustion is "mandatory" under the Act: "unexhausted claims *cannot* be brought in court." *Jones*, 549 U.S. at 211 (emphasis added).[1] Judges lack discretion to deviate from this mandate. *Ross v. Blake*, 578 U.S. 632, 638–39 (2016). While inmates can be excused from exhausting administrative remedies when prison officials prevent them from using grievance procedures or when the officials themselves fail to comply with the procedures, *Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005), Hancock has not alleged that here. The face of his complaint reveals that he has not exhausted administrative remedies.

---

[1] The date of exhaustion is measured at the time of filing. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.  ECF 1.  Hancock's motion to proceed *in forma pauperis* is **DENIED AS MOOT**.  ECF 2.

Dated this 30th day of January, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE

3